State v. Miller.

---

STATE OF MISSOURI, Respondent, v. MILLER, Appellant.

St. Louis Court of Appeals, February 2, 1904.

1. **WINE-GROWER: Definition.** The meaning of the term "wine-grower" as used in section 3015, Revised Statutes of 1899, is a person who manufactures wine from grapes grown on his own premises.

2. ———: **Misdemeanor.** One who sold without a dramshop license, in less quantities than one gallon, wine made on his own premises from grapes, only part of which were grown on the premises, is guilty of a misdemeanor under section 3014, Revised Statutes of 1899.

Appeal from Greene Criminal Court.—*Hon. J. J. Gideon,* Judge.

AFFIRMED.

*G. D. Clark* and *Perry T. Allen* for appellant.

(1)  Defendant contends that under the agreed statement of facts the defendant should have been discharged because the facts set forth in said agreed statement shows the defendant to be a "wine-grower" and the wine sold to be of his own production or make.  The agreed statement of facts does not show that the wine sold was any part of the wine produced from grapes not grown upon the premises.  63 Mo. 403; 55 Mo. 67.  (2) We further contend that inasmuch as wine can not be grown on any vine but must be grown by a system of fermentation, never becoming  wine unless fermented, that the term "production" used in section 3015, R. S. 1899, meaning to make or manufacture, gives the person who produces or makes the wine the right to sell upon his own premises in any quantity.

GOODE, J.—The defendant was convicted of the offense of selling intoxicating liquors in less quantity than one gallon, without having a license as provided by the statutes.   The case was submitted to the court on the following agreed statement of facts:

"That the defendant, Jacob B. Miller, now lives at 1028 West Elm St. in the city of Springfield, Greene county, Missouri; that he has lived at that place for the past several years; that the lot on which he lives is 60 by 140 feet; that he has growing on said lot 16 grape vines; that during the past year he has manufactured 100 gallons of wine; that this wine is manufactured by the defendant at the above place, and in the manufacturing of it, he used some grapes raised on the said 16 vines, and grapes bought by the defendant from other parties, who raised them in Greene county; that some of this wine has an orange flavor, made so by the defendant putting in the wine orange peelings; that some of it has a lemon flavor, and made so by putting in the

wine lemon peelings; that out of this wine so manufactured by the defendant, he, the defendant on the 26th day of November, 1901, at the county of Greene and State of Missouri, at said No. 1028 West Elm St., in the city of Springfield, it being the place where said wine was made, did sell said wine in less quantity than one gallon, to-wit, one quart of wine to one D. W. Baker.

"It is further admitted that the said Jacob B. Miller, did not at any time have a dramshop license.

"It is further agreed that said wine was gauged by the United States Gauger and was found to contain two per cent alcohol."

The point made against the conviction is, that under the agreed statement of facts it appears the defendant was a wine-grower; that the wine sold was of his own production, and he was privileged to sell it under section 3015 of the Revised Statutes of 1899. That statute gave the defendant the right to sell wine of his own production in any quantity on his own premises. But the agreed statement of facts tends to prove that the wine he sold was not of his own production; that is, pressed from grapes grown on his own premises. The agreed facts are that he had sixteen grape vines and manufactured 100 gallons of wine last year; that he used some grapes grown on the sixteen vines and other grapes bought from other parties in Greene county. Certainly it is a legitimate conclusion from those facts that he was not a wine-grower in the sense of the statute, if the statute means by that designation a person who manufactures wine from grapes grown on his own premises. and we think it does. That view corresponds with the definition of the word "wine-grower." Standard Dict., p. 2068; Century Dict., p. 6939. Defendant's counsel argue that it is sufficient to exculpate the defendant that he manufactured the wine, whether from grapes grown by himself or by somebody else; but we think their position is untenable. Section 3014 covers that contingency, by providing that wine or beer may be sold in

any quantity not less than ten gallons by a person holding a wine or beer house license and that liquor may be sold in quantities not less than one gallon at the place where made, but not drunk on the premises. The purpose of section 3015 was to create an exemption in favor of persons who raise grapes on their own premises and make wine from them. State v. Jaeger, 63 Mo. 403.

The judgment is affirmed. *Bland, P. J.,* and *Reyburn, J.,* concur.